IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PATRICIA BIVINS and**
**CHARLES RHODES,**

        Plaintiffs,

vs.                                    Civ. No. 08-592 LH/ACT

**DD&S EXPRESS, INC., a foreign**
**corporation, et al.,**

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Strike Expert Witnesses filed May 15, 2009 [Doc. 59] and Plaintiffs' Motion for a Limited Extension of Case Management Deadlines for the Specific Purpose of Production of a Supplemental Expert Report by Dr. David Goldstein and for the Deposition of Dr. Goldstein filed July 7, 2009 [Doc. 70]. Defendants are seeking an order of this court striking Plaintiffs' retained expert witness, David H. Goldstein, M.D. ("Goldstein") because Goldstein's report does not meet the requirements of Federal Rule of Civil Procedure 26(a)(2)(B).[1] Plaintiffs are seeking an order extending the discovery deadline to permit a supplement expert report by Goldstein and a deposition of Goldstein. The Court will grant Plaintiffs' Motion and will deny Defendants' Motion as moot.

Plaintiffs' are seeking to modify the discovery order and seek an extension for the sole purpose of providing an second supplemental Rule 26 expert report and permitting time for the

---

[1] Defendants also requested an order that Dr. Lawrence Brenner and Plaintiffs' other treating physicians's testimony be limited to matters reflected in their treatment records. There does not appear to be any dispute on this issue. Furthermore, the presiding judge will rule on such testimony at trial.

1

Defendants to depose their expert. As grounds Plaintiffs state that "the information gained by the extension of the discovery deadlines will enable the parties to more efficiently prepare for trial, and should lead to resolving issues of pre-trail(sic) admissibility of medical data, thus making the trial of this matter more efficient." Motion at 2. The Court finds that the Plaintiffs' have shown "good cause" for an extension of the discovery deadline, particularly in light of the fact there is no trial setting. Fed.R.Civ.P. 16(b)(4).

Defendants' Motion requires the Court to determine if Goldstein's expert report meets Rule 26(a)(2)(B) and if not, should he be prohibited from testifying. As the Court has given Plaintiffs' time to submit a second supplemental report, Defendants' Motion is moot.

Finally, the Court declines to give "exact and explicit guidelines" for Goldstein's report. Rule 26 and the case law provide the requirements of the expert witness disclosure process.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike Expert Witnesses [Doc. 59] is denied and Plaintiffs' Motion for a Limited Extension of Case Management Deadlines for the Specific Purpose of Production of a Supplemental Expert Report by Dr. David Goldstein and for the Deposition of Dr. Goldstein [Doc. 70] is granted.

**IT IS FURTHER ORDERED** that Plaintiffs will submit a second supplemental within twenty (20) days of entry of this Order and the parties will schedule the deposition of Dr. Goldstein within 30 days of entry of this Order.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**